UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.A.G.,<br>                Plaintiff,<br>v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>                Defendant. | Case No. 8:17-cv-00514-SHK<br><br>ORDER TO SHOW CAUSE |

Plaintiff J.A.G.[1] ("Plaintiff") seeks judicial review of Administrative Law Judge ("ALJ") Joseph P. Lisiecki III's decision denying his application for disability insurance benefits ("DIB"), under Title II of the Social Security Act (the "Act"). The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). However, for the reasons discussed below, the Court finds that it lacks subject matter jurisdiction over the action under 42 U.S.C. § 405(g), and orders Plaintiff to show cause why the case

---

[1] The Court substitutes Plaintiff's initials for Plaintiff's name to protect Plaintiff's privacy with respect to Plaintiff's medical records.

should not be dismissed, with or without prejudice, as a result of the Court's lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiff filed an application for DIB on February 15, 2012, alleging disability beginning on August 1, 2008. Transcript ("Tr.") 145-46.[2] Following a denial of benefits, Plaintiff requested a hearing before an ALJ and, on February 4, 2014, ALJ Lisiecki determined that Plaintiff was not disabled. Tr. 17-27. Plaintiff sought review of ALJ Lisiecki's decision with the Appeals Council ("AC"), however, review was denied on June 15, 2015. Tr. 1-8. Plaintiff sought district court review of the AC's decision and, after the parties voluntarily stipulated to the action being remanded back to the Agency to reevaluate the medical evidence, the credibility of Plaintiff's subjective complaints, and whether Plaintiff could perform his past relevant work, the district court remanded the action back to the Commissioner of the Social Security Administration ("Commissioner" or the "Agency") for further administrative proceedings. Tr. 819-29.

On January 19, 2017, ALJ Lisiecki again determined that Plaintiff was not disabled. Tr. 688-712. At the outset of ALJ Lisiecki's second unfavorable decision in 2017, ALJ Lisiecki indicated that Plaintiff could appeal the unfavorable decision to the AC by filing a written exception to the AC within thirty days. Tr. 688. There is no indication in the record, or in the parties' Joint Stipulation, that Plaintiff sought AC review of ALJ Lisiecki's second unfavorable decision from 2017. See ECF No. 19, Joint Stipulation at 1 (the parties noting that "[t]he present action was timely filed" after "[t]he claim was denied by ALJ decision dated January 19, 2017").

---

[2] A certified copy of the Administrative Record was filed on November 8, 2017. Electronic Case Filing Number ("ECF No.") 22. Citations will be made to the Administrative Record or Transcript page number rather than the ECF page number.

2

## II. STANDARD OF REVIEW

"The Social Security Act provides for federal court review of final decisions of the Commissioner." Brewes v. Comm'r Soc. Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012). However, "the Commissioner's decision is not final until the [AC] denies review or, if it accepts a case for review, issues its own findings on the merits." Id. at 1162 (citing 20 C.F.R. §§ 404.955, 404.981; Bass v. Soc. Sec. Admin., 872 F.2d 832, 833 (9th Cir. 1989) (per curiam)). If a claimant is "dissatisfied with a determination or decision made in the administrative review process, but do[es] not request further review within the stated time period, [the claimant] loses [thei]r right to further review and that determination or decision becomes final." 20 C.F.R. § 404.987. "A claimant's failure to exhaust the procedures set forth in the . . . Act, 42 U.S.C. § 405(g), deprives the district court of jurisdiction." Bass, 872 F.2d at 833.

## III. DISCUSSION

Here, as discussed above, there is no evidence in the record, nor do the parties argue, that Plaintiff sought AC review within the thirty days allowed by the Commissioner in the ALJ's second unfavorable decision from January 2017. Therefore, the Court finds that it appears that the Court lacks subject matter jurisdiction of the action because Plaintiff failed to exhaust the administrative procedures set forth in the Act by timely seeking AC review of the ALJ's second decision. Accordingly, Plaintiff is ordered to show cause why this case should not be dismissed, with or without prejudice, as a result of the Court lacking subject matter jurisdiction over the matter.

/ / /
/ / /
/ / /

## IV. CONCLUSION

For the reasons set forth above, Plaintiff is ORDERED TO SHOW CAUSE in writing within fourteen days why this case should not be dismissed, with prejudice, as a result of the Court lacking subject matter jurisdiction over the matter. Defendant shall have fourteen days to reply to Plaintiff's response, if any.

IT IS SO ORDERED.

DATED: 8/14/2018

HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge