|  |  |
|---|---|
| J.A.G., <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | Case No. 8:17-cv-00514-SHK <br><br><br> OPINION AND ORDER |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

Plaintiff J.A.G.[1] ("Plaintiff") seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner," "Agency," or "Defendant") denying his application for disability insurance benefits ("DIB"), under Title II of the Social Security Act (the "Act"). This Court has jurisdiction, under 42 U.S.C. § 405(g), and, pursuant to 28 U.S.C. § 636(c), the parties have consented to the jurisdiction of the undersigned United States Magistrate Judge. For the reasons stated below, the Commissioner's

---

[1] The Court substitutes Plaintiff's initials for Plaintiff's name to protect Plaintiff's privacy with respect to Plaintiff's medical records discussed in this Opinion and Order.

decision is REVERSED and this action is REMANDED for further proceedings consistent with this Order.

## I. BACKGROUND

Plaintiff filed an application for DIB on February 15, 2012, alleging disability beginning on August 1, 2008. Transcript ("Tr.") 145-46.[2] Following a denial of benefits, Plaintiff requested a hearing before an administrative law judge ("ALJ"). At the hearing, Plaintiff amended his claim to a closed period of disability from August 1, 2008, through May 9, 2013, because he had returned to full-time work on May 9, 2013. Tr. 17, 717-18. On February 4, 2014, ALJ Joseph P. Lisiecki III determined that Plaintiff was not disabled. Tr. 17-27. Plaintiff sought review of the ALJ's decision with the Appeals Council ("AC"), however, review was denied on June 15, 2015. Tr. 1-3.

Plaintiff sought district court review of the AC's decision and, after the parties voluntarily stipulated to the action being remanded back to the Agency to reevaluate Plaintiff's medical evidence, the credibility of Plaintiff's subjective complaints, and whether Plaintiff had the residual functional capacity ("RFC") to perform his past relevant work ("PRW"), the district court remanded the action back to the Agency for further administrative proceedings. Tr. 819-29.

While the case was pending, on July 2, 2015, Plaintiff filed another DIB application alleging disability beginning on August 15, 2014, which was the day that he stopped working full-time, through Plaintiff's date last insured of December 31, 2015. Tr. 750-52, 968-72. On October 6, 2016, Plaintiff's counsel wrote a letter to ALJ Lisiecki requesting that both DIB claims be consolidated. Tr. 1027.

On November 1, 2016, Plaintiff appeared at a hearing before ALJ Lisiecki and, again, amended his alleged disability onset date for his initial DIB claim. Tr.

---

[2] A certified copy of the Administrative Record was filed on April 24, 2017. Electronic Case Filing Number ("ECF No.") 18. Citations will be made to the Administrative Record or Transcript page number rather than the ECF page number.

750-52. Specifically, Plaintiff claimed an amended disability onset date for his initial DIB claim of January 24, 2012—six months before Plaintiff's fiftieth birthday—through the date Plaintiff returned to full-time work on May 9, 2013, and then again from August 14, 2014, when he stopped working full-time, until his date last insured of December 31, 2015. Id. At the hearing, ALJ Lisiecki confirmed the amended disability onset dates and, on November 10, 2016, Plaintiff's counsel sent a letter to ALJ Lisiecki "remind[ing]" ALJ Lisiecki of the amended onset dates. Tr. 751, 1032.

On January 19, 2017, ALJ Lisiecki consolidated both of Plaintiff's claims in his written decision and noted that "[a]t the hearing, [Plaintiff] amended his alleged onset date to August 15, 014 [sic]." Tr. 694-95. The ALJ ultimately determined that Plaintiff was not disabled for purposes of either DIB application from August 15, 2014, through Plaintiff's date last insured of December 31, 2015. Tr. 695, 705. ALJ Lisiecki made no finding with respect to the earlier closed disability period that Plaintiff sought from January 2012 through May 2013. This appeal followed.[3]

## II. STANDARD OF REVIEW

The reviewing court shall affirm the Commissioner's decision if the decision is based on correct legal standards and the legal findings are supported by substantial evidence in the record. 42 U.S.C. § 405(g); Batson v. Comm'r Soc. Sec. Admin., 359 F.3d 1190, 1193 (9th Cir. 2004). Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389,

---

[3] On August 24, 2018, this Court ordered Plaintiff to show cause ("OSC") why the case should not be dismissed for lack of subject matter jurisdiction as a result of Plaintiff not first seeking AC review of ALJ Lisiecki's second unfavorable decision. ECF No. 20, OSC. On August 27, 2018, the parties jointly responded that "there is no issue of subject matter jurisdiction because ALJ Lisiecki indicated that Plaintiff could skip AC review of his second unfavorable opinion and seek district court review directly. ECF No. 21, OSC Response at 1-2 (citing Tr. 689). Good cause appearing, the Court lifts its OSC and turns to the merits of Plaintiff's claim.

3

401 (1971) (citation and internal quotation marks omitted). In reviewing the Commissioner's alleged errors, this Court must weigh "both the evidence that supports and detracts from the [Commissioner's] conclusions." Martinez v. Heckler, 807 F.2d 771, 772 (9th Cir. 1986).

"'When evidence reasonably supports either confirming or reversing the ALJ's decision, [the Court] may not substitute [its] judgment for that of the ALJ.'" Ghanim v. Colvin, 763 F.3d 1154, 1163 (9th Cir. 2014) (quoting Batson, 359 F.3d at 1196); see also Thomas v. Barnhart, 278 F.3d 947, 959 (9th Cir. 2002) ("If the ALJ's credibility finding is supported by substantial evidence in the record, [the Court] may not engage in second-guessing.") (citation omitted). A reviewing court, however, "cannot affirm the decision of an agency on a ground that the agency did not invoke in making its decision." Stout v. Comm'r Soc. Sec. Admin., 454 F.3d 1050, 1054 (9th Cir. 2006) (citation omitted). Finally, a court may not reverse an ALJ's decision if the error is harmless. Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (citation omitted). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." Shinseki v. Sanders, 556 U.S. 396, 409 (2009).

### III. DISCUSSION

#### A. Establishing Disability Under The Act

To establish whether a claimant is disabled under the Act, it must be shown that:

> (a) the claimant suffers from a medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months; and
>
> (b) the impairment renders the claimant incapable of performing the work that the claimant previously performed and incapable of

performing any other substantial gainful employment that exists in the national economy.

Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 42 U.S.C. § 423(d)(2)(A)). "If a claimant meets both requirements, he or she is 'disabled.'" Id.

The ALJ employs a five-step sequential evaluation process to determine whether a claimant is disabled within the meaning of the Act. Bowen v. Yuckert, 482 U.S. 137, 140 (1987); 20 C.F.R. § 404.1520(a). Each step is potentially dispositive and "if a claimant is found to be 'disabled' or 'not-disabled' at any step in the sequence, there is no need to consider subsequent steps." Tackett, 180 F.3d at 1098; 20 C.F.R. § 404.1520. The claimant carries the burden of proof at steps one through four, and the Commissioner carries the burden of proof at step five. Tackett, 180 F.3d at 1098.

The five steps are:

>Step 1. Is the claimant presently working in a substantially gainful activity [("SGA")]? If so, then the claimant is "not disabled" within the meaning of the [] Act and is not entitled to [DIB]. If the claimant is not working in a [SGA], then the claimant's case cannot be resolved at step one and the evaluation proceeds to step two. See 20 C.F.R. § 404.1520(b).
>
>Step 2. Is the claimant's impairment severe? If not, then the claimant is "not disabled" and is not entitled to [DIB]. If the claimant's impairment is severe, then the claimant's case cannot be resolved at step two and the evaluation proceeds to step three. See 20 C.F.R. § 404.1520(c).
>
>Step 3. Does the impairment "meet or equal" one of a list of specific impairments described in the regulations? If so, the claimant is "disabled" and therefore entitled to [DIB]. If the claimant's

impairment neither meets nor equals one of the impairments listed in the regulations, then the claimant's case cannot be resolved at step three and the evaluation proceeds to step four. See 20 C.F.R. § 404.1520(d).

Step 4. Is the claimant able to do any work that he or she has done in the past? If so, then the claimant is "not disabled" and is not entitled to [DIB]. If the claimant cannot do any work he or she did in the past, then the claimant's case cannot be resolved at step four and the evaluation proceeds to the fifth and final step. See 20 C.F.R. § 404.1520(e).

Step 5. Is the claimant able to do any other work? If not, then the claimant is "disabled" and therefore entitled to [DIB]. See 20 C.F.R. § 404.1520(f)(1). If the claimant is able to do other work, then the Commissioner must establish that there are a significant number of jobs in the national economy that claimant can do. There are two ways for the Commissioner to meet the burden of showing that there is other work in "significant numbers" in the national economy that claimant can do: (1) by the testimony of a vocational expert [("VE")], or (2) by reference to the Medical-Vocational Guidelines at 20 C.F.R. pt. 404, subpt. P, app. 2. If the Commissioner meets this burden, the claimant is "not disabled" and therefore not entitled to [DIB]. See 20 C.F.R. §§ 404.1520(f), 404.1562. If the Commissioner cannot meet this burden, then the claimant is "disabled" and therefore entitled to [DIB]. See id.

Id. at 1098-99.

## B. Summary Of ALJ's Findings

The ALJ determined that "[Plaintiff] meets the insured status requirements of the . . . Act through December 31, 2015." Tr. 697. The ALJ then found at step one, that "[Plaintiff] did not engage in substantial gainful activity during the period

6

from his amended onset date of August 15, 2014 through his date last insured of December 31, 2015 (20 CFR 404.1571 et seq.)." Id.

At step two, the ALJ found that "[t]hrough the date last insured, [Plaintiff] has the following severe impairments: meniscus tear of right knee; degenerative disk disease of lumbar spine; right carpal tunnel; and depressive disorder (20 CFR 404.1520(c))." Id. At step three, the ALJ found that "[t]hrough the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526). Id.

> In preparation for step four, the ALJ found that Plaintiff has the RFC to: perform light work as defined in 20 CFR 404.1567(b) except [Plaintiff] can lift and carry 20 pounds occasionally and 10 pounds frequently; stand and walk 6 hours in an 8 hour day; sit 6 hours in an 8 hour day; with frequent postural limitations except no climbing ladders, ropes, or scaffolds and no crawling; no work at unprotected heights; can frequently push, pull and reach in all directions including overhead bilaterally; can frequently perform gross and fine manipulation bilaterally; limited to simple repetitive tasks with simple work related decisions; object oriented; no work with general public; and no stressful jobs such as taking complaints.

Tr. 698-99.

At step four, the ALJ found that "[t]hrough the date last insured, [Plaintiff] was capable of performing [PRW] as a production worker. This work did not require the performance of work-related activities precluded by [Plaintiff's] [RFC]." Tr. 704. The ALJ supported this finding by noting that "[i]n comparing [Plaintiff's] [RFC] with the physical and mental demands of this work, as the [VE] testified, the undersigned finds that [Plaintiff] was able to perform it as generally

7

performed." Id. The ALJ added that "[s]ince [Plaintiff] indicated that he lifted and carried up to 30 pounds as a production worker ([Tr. 1001]), [Plaintiff] cannot perform his past relevant job as he performed." Tr. 704.

The ALJ, therefore, concluded that Plaintiff "was not under a disability, as defined in the . . . Act, at any time from August 15, 2014, the amended alleged onset date, through December 31, 2015, the date last insured (20 CFR 404.1520(f))." Tr. 705.

### C. Issues Presented

In this appeal, Plaintiff raises four issues, including whether: (1) "the ALJ properly considered [Plaintiff's] claim for disability from January 24, 2012 to May 5, 2013;" (2) "[Plaintiff's] work from May 5, 2013 to August 15, 2014 was light pursuant to the DOT;" (3) "the ALJ properly considered [Plaintiff's] testimony regarding his pain and limitations;" and (4) "the ALJ properly considered the opinion of Dr. Miller." ECF No. 19, Joint Stipulation at 1.

### 1. Issue One: Whether The ALJ Properly Considered Plaintiff's Disability Claim From January 2012 To May 2013

*a. Parties' Arguments*

Plaintiff argues that the ALJ erred by "not consider[ing] a major contention presented by counsel at the hearing level, which was disability from January 24, 2012 to May 5, 2013." ECF No. 19, Joint Stipulation at 10.

Defendant argues that "the ALJ did not err by not adopting [Plaintiff's] theory of the case" that he was "disabled from January 2012 through May 2013, and then again starting August 2014 to present" because Plaintiff "points to no medical basis for these two dates, nor does he point to anything in his treatment records indicating that his condition worsened after his originally asserted onset date of August 2008." Id. at 7 (internal quotation marks and citations omitted). Defendant also argues that "Plaintiff was never eligible for any closed periods of

8

disability" and "[t]he ALJ was under no duty (nor can Plaintiff cite a legal rule requiring him) to evaluate the claim based only on these two periods." Id. at 8. Finally, Defendant argues that "[r]egardless of Plaintiff's alleged onset date, the evidence in the record did not establish that he was disabled at any time from August 2008 through December 31, 2015, the date he was last insured for DIB." Id. at 5.

### b. Legal Standard

"In addition to determining that an individual is disabled, the decisionmaker **must** also establish the onset date of disability." Social Security Ruling ("SSR") 83-20, 1983 WL 31249, at *1 (1983) (emphasis added). The three "[f]actors relevant to the determination of disability onset include the individual's allegation, the work history, and the medical evidence." Id. at *2. "The starting point in determining the date of onset of disability is the individual's statement as to when disability began." Id. "A change in the alleged onset date may be provided in a Form SSA-5002 (Report of Contact), a <u>letter</u>, another document, or the <u>claimant's testimony at a hearing</u>." Id. (emphasis added). "The weight to be given any of the relevant evidence depends on the individual case." Id.

### c. ALJ's Disability Onset Finding Is Not Supported By Substantial Evidence.

Here, the ALJ's findings with respect to all three SSR 83-20 factors used to determine Plaintiff's disability onset date were not supported by substantial evidence. With respect to the first factor—Plaintiff's allegations—the ALJ ignored, or rejected without comment, Plaintiff's first amended disability onset period. As discussed above, Plaintiff requested an amended disability onset date from January 24, 2012, through May 9, 2013, as well as from August 15, 2014, through December 31, 2015, by using the methods set forth in SSR 83-20.[4]

---

[4] SSRs, while lacking the force of law, "reflect the official interpretation of the [Social Security Administration] and are entitled to some deference as long as they are consistent with the . . . Act

9

Specifically, Plaintiff requested the amended disability onset dates in a letter to the ALJ, as well as by verbally requesting them at the hearing. Tr. 750-52, 1032. The ALJ, however, acknowledged only Plaintiff's alleged disability from August 15, 2014, through December 31, 2015, in his decision and did not address Plaintiff's alleged disability from January 24, 2012, through May 9, 2013. Tr. 695, 697, 702, 705. Accordingly, the ALJ's finding with respect to the first factor was not supported by substantial evidence.

With respect to the second and third SSR 83-20 factors—Plaintiff's work history and the medical evidence—the ALJ did not make any specific findings relating to these factors when determining Plaintiff's disability onset date. Instead, the ALJ's determination of Plaintiff's disability onset date rested solely on Plaintiff's allegations which, as discussed above, included observations of only the second disability period from August 15, 2014, through December 31, 2015. Tr. 694-95. Accordingly, the ALJ's disability onset finding, which did not include the closed period of January 24, 2012, through May 9, 2013, as alleged by Plaintiff at the hearing and by letter to the ALJ, was not supported by substantial evidence.

Moreover, Defendant's argument that the record does not establish that Plaintiff was disabled at any point from August 2008 through December 31, 2015, does not cure the ALJ's unsupported disability onset date finding, because the Court cannot affirm the ALJ's decision on grounds not raised by the Commissioner. Stout, 454 F.3d at 1054.

As such, the Court finds that remand for further proceedings is appropriate so that the Agency may determine whether Plaintiff was disabled from January 24, 2012, through May 9, 2013. However, because the ALJ did consider the second time period alleged by Plaintiff, from August 2014 through December 2015, the

---

and regulations." Bray v. Comm'r Soc. Sec. Admin., 554 F.3d 1219, 1224 (9th Cir. 2009) (internal citations and quotation marks omitted).

10

Court turns next to Plaintiff's second argument that Plaintiff's work form May 2013 to August 2014 was not light pursuant to the DOT.

### 2. Issue Two: Whether Plaintiff's Work Form May 2013 To August 2014 Was Light Pursuant To The DOT

#### a. *Parties' Arguments*

Plaintiff argues that the ALJ's step four finding is not supported by substantial evidence because the VE's classification of Plaintiff's PRW from May 2013 to August 2014 as a "production worker food with a light exertional level[,]" as defined at DOT 706.687-010, was "incorrect and not supported by substantial evidence." ECF No. 19, Joint Stipulation at 13. Plaintiff argues that the occupation listed at DOT 706.687-010 is "a generic classification concerning assembly of such things as 'tractor radiators, blower wheels, refrigerator . . . [,]'" which "has nothing to do with food, which was [his] primary job material" from Plaintiff's May 2013 to August 2014 PRW. Id. (quoting DOT 706.687-010).

Plaintiff asserts that this distinction is material because the generic DOT cited by the VE is a light occupation that requires lifting a maximum of twenty pounds occasionally, which is allowable under Plaintiff's RFC, whereas his actual PRW in food production required lifting up to thirty pounds occasionally, which is precluded by Plaintiff's RFC. Id. Thus, Plaintiff contends that if "[]his PRW is light, [he] is not disabled if limited to light work" but if "[]his PRW is medium, he is disabled." Id. at 22. Plaintiff argues that he raised this issue at the hearing and by supplemental briefing to the ALJ after the hearing that the ALJ granted Plaintiff permission to submit, but "[t]he ALJ fail[ed] to address the contentions raised[,]" which was "legally insufficient." Id. at 23.

Defendant argues that the ALJ's step four finding is supported by substantial evidence because "[t]he ALJ properly considered Plaintiff's [PRW] and Plaintiff fails his burden of proving that he cannot do his past work in production, food assembly, as that work is generally performed" because "Plaintiff fails to refute the

11

vocational evidence relied on by the ALJ." Id. at 17, 21. Defendant adds that "the ALJ properly relied on Plaintiff's statements, the DOT, and [the VE's] testimony in reaching his [s]tep [f]our finding." Id. at 21.

        b.    *Legal Standard*

"In determining whether appropriate jobs exist for the claimant, the ALJ generally will refer to the [DOT]." Light v. Soc. Sec. Admin., 119 F.3d 789, 793 (9th Cir. 1997) (citation omitted). "[T]he ALJ, however, 'may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation.'" Id. (quoting Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995)). "When there is an apparent unresolved conflict between VE . . . evidence and the DOT, the adjudicator must elicit <u>a reasonable explanation</u> for the conflict before relying on the VE . . . evidence to support a determination or decision about whether the claimant is disabled." SSR 00–4p (emphasis added). An "ALJ's failure to resolve an apparent inconsistency may leave us with a gap in the record that precludes us from determining whether the ALJ's decision is supported by substantial evidence." Zavalin v. Colvin, 778 F.3d 842, 846 (9th Cir. 2015) (citation omitted).

        c.    *ALJ's Step Four Finding Is Not Supported By Substantial Evidence.*

Here, the record does not contain persuasive evidence to support the deviation between the VE's testimony and the cited DOT provision. Light, 119 F.3d at 793.

Plaintiff described his PRW as "food production (pico de gallo), wrap burritos, help in the line (adding potatoes to burritos)." Tr. 1001 (capitalization normalized). Plaintiff added that he "[h]ad to lift a bag of onions, box of tomatoes, most of the day" and that he had to "frequently" lift items over thirty pounds at this job. Id.

/ / /

12

1    The VE classified Plaintiff's PRW as "production worker for food [at] DOT
2    number 706.687-010 . . . ." Tr. 756. The DOT describes the occupation at DOT
3    706.687-010 as "Assembler, Production (any industry)" and lists the job duties as:
4    >    Performs repetitive bench or line assembly operations to mass-produce
5    >    products, such as automobile or tractor radiators, blower wheels,
6    >    refrigerators, or gas stoves: Places parts in specified relationship to each
7    >    other. Bolts, clips, screws, cements, or otherwise fastens parts together
8    >    by hand, or using handtools or portable power tools. May tend
9    >    machines, such as arbor presses or riveting machine, to perform force
10   >    fitting or fastening operations on assembly line. May be assigned to
11   >    different work stations as production needs require. May work on line
12   >    where tasks vary as different model of same article moves along line.
13   >    May be designated according to part or product produced.
14   DOT 706.687-010.
15         Plaintiff's counsel first challenged the VE's classification of Plaintiff's PRW
16   as that of a production worker as it is defined at DOT 706.687-010 at the hearing.
17   Tr. 760-66. Plaintiff argued that there is no overlap between any of the job duties
18   that he performed at his job between May 2013 to August 2014, and the job duties
19   outlined at DOT 706.687-010. Id. Plaintiff also sought leave from the ALJ at the
20   hearing to submit supplemental briefing on the issue. Tr. 766. The ALJ granted
21   Plaintiff's request and Plaintiff timely submitted a brief challenging, for the second
22   time, the VE's classification of Plaintiff's PRW as that of a production worker as it
23   is defined at DOT 706.687-010 and attached a declaration from Plaintiff further
24   clarifying his job duties at his PRW as making salsa and burritos. Tr. 766, 1032-36.
25   The ALJ, however, did not address Plaintiff's contention in the decision and
26   instead, adopted the VE's classification of Plaintiff's PRW as it is defined at DOT
27   706.687-010, and found that Plaintiff could perform this work as it is generally
28

performed, but not as it was actually performed "since [Plaintiff] indicated he lifted and carried up to 30 pounds as a production worker." Tr. 704-05 (citing Tr. 1001).

The Court cannot conclude on the record before it that a reasonable mind would accept that Plaintiff's PRW from May 2013 to August 2014—where Plaintiff made burritos and salsa and lifted thirty-pound loads of food items frequently—also required Plaintiff to "mass-produce products, such as automobile or tractor radiators, blower wheels, refrigerators, or gas stoves[,]" use hand tools or portable power tools to bolt, clip, screw, cement, or otherwise fasten parts together, or tend arbor presses or riveting machines as DOT 706.687-010 requires. DOT 706.687-010.

As such, the ALJ's failure to resolve the inconsistency between the VE's testimony and the DOT leaves a gap in the record that precludes the Court from determining whether the ALJ's decision is supported by substantial evidence. Zavalin, 778 F.3d at 846. Accordingly, the Court finds that the ALJ's step four finding, that Plaintiff could perform his PRW, is not supported by substantial evidence. Richardson, 402 U.S. at 401 (1971). Defendant's contentions to the contrary do not fill the gap left in the record by the ALJ's failure to resolve the discrepancy between the VE's testimony and the DOT because, again, the Court cannot affirm the ALJ's decision on grounds not asserted by the Agency. Stout, 454 F.3d at 1054. Therefore, remand for further proceedings is warranted for this additional issue. Because the Court remands as to the above two issues, it does not address Plaintiff's additional assignments of error.

### IV. CONCLUSION

Because the Commissioner's decision is not supported by substantial evidence, IT IS HEREBY ORDERED that the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). See Garrison v. Colvin, 759 F.3d 995, 1009 (9th Cir. 2014) (holding that under sentence four of 42 U.S.C. § 405(g),

14

"[t]he court shall have power to enter . . . a judgment affirming, modifying, or reversing the decision of the Commissioner . . . , with or without remanding the cause for a rehearing.") (citation and internal quotation marks omitted).

IT IS SO ORDERED.

DATED: 12/27/2018

_____
HONORABLE SHASHI H. KEWALRAMANI
United States Magistrate Judge